NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER DICKINSON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> WARREN BROWN, in his official capacity as President of North Seattle College and DARRYL JOHNSON, individually and in his official capacity as Director of Safety and Security for North Seattle College, <br><br> Defendants-Appellees. | No. 18-35024 <br><br> D.C. No. 2:17-cv-00868-RSL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnick, District Judge, Presiding

Argued and Submitted July 9, 2018
Seattle, Washington

Before: FERNANDEZ and NGUYEN, Circuit Judges, and RAKOFF,[**] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

1

Chapter 132F-142 of the Washington Administrative Code ("WAC") requires that any first amendment activity on Seattle's public college campuses "not substantially interfere with educational activities inside or outside any college building or otherwise prevent the college from fulfilling its mission and achieving its primary purpose of providing an education to its students." WAC § 132F-142-030(7). The WAC also provides that those who are not students, faculty, or staff and who violate the district's rules "will be advised of the specific nature of the violation, and if they persist in the violation, they will be requested by the campus president, or his or her designee, to leave the college property. Such a request will be deemed to prohibit the entry of . . . any portion of the college property by the person or group of persons requested to leave . . . ." *Id.* § 132F-136-050(1). Consistent with these provisions, Seattle colleges have adopted a policy barring "activity which limits, interferes with, or otherwise disrupts the normal activities" of the campus, and have expressly adopted the procedures outlined in the WAC Chapter 132F-142 to implement that policy. Seattle College District Policy and Procedure No. 270.

On Monday, October 3, 2016, Christopher Dickinson went to North Seattle College to preach. He notified the administration and was shown to the area of the courtyard that the college reserved for such first amendment activity. Following at least one complaint, college security personnel warned Dickinson that he was

being disruptive, and ultimately asked him to leave. Dickinson claims that he was speaking at a normal volume and was not told to speak more quietly before being told to leave, while college employees claim that he was speaking very loudly and disruptively and that they asked him multiple times to keep his voice down. The next day, the college sent Dickinson a notice that he had "been trespassed" under WAC § 132F-136-050.

Thereafter, Dickinson commenced this lawsuit, filing a complaint along with a motion for a preliminary injunction seeking to enjoin college employees from implementing the disruption policy and from enforcing the trespass notification against him. The district court denied the motion for a preliminary injunction, finding that Dickinson was unlikely to succeed on the merits, and Dickinson appeals. We have jurisdiction under 28 U.S.C. § 1292, and we affirm.

1.      Dickinson argues that the Seattle college policy is a facially unconstitutional burden on the free expression rights of those it regulates. The parties agree that the policy regulates protected speech in a designated public forum and is content-neutral, and therefore must be narrowly tailored to serve a significant government interest and leave open sufficient alternative channels for communication. *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1988). According to Dickinson, the policy bars him from preaching at any volume if the college administration receives a single, subjective complaint. However, the only

support he cites for this interpretation is his own alleged treatment. In fact, the college policy and incorporated WAC provisions permit removal of only those who "substantially interfere with educational activities" or "otherwise prevent the college from fulfilling its mission and achieving its primary purpose of providing an education to its students." WAC § 132F-142-030(7). In *Grayned v. City of Rockford*, the Supreme Court addressed a similar challenge to a statute that barred "any noise or diversion which disturbs or tends to disturb the peace or good order of [a] school session or class thereof," holding that it was "narrowly tailored to further [the town's] compelling interest in having an undisrupted school session conducive to the students' learning." 408 U.S. 104, 108, 119 (1972). The instant restriction is not materially different.

2.      Dickinson next argues that the Seattle college policy is void for vagueness because the geographic boundaries to which it applies, and the degree of disruption necessary to violate the policy, are unclear. The district court did not err in finding that this claim was unlikely to succeed. The policy clearly references the "college's buildings, facilities and grounds" multiple times, Seattle College District Policy No. 270, and the underlying WAC states that the First Amendment activity "must not substantially interfere with educational activities inside or outside any college building." WAC § 132F-142-030(7). As to what conduct suffices to violate the policy, this case is again not materially different from *Grayned*: "Although the

4

prohibited quantum of disturbance is not specified in the ordinance, it is apparent from the statute's announced purpose that the measure is whether normal school activity has been or is about to be disrupted." 408 U.S. at 112.

3.    Last, Dickinson contends that the district court erred in denying his motion for a preliminary injunction against the enforcement of what appears to be an indefinite ban from campus. However, at oral argument the parties agreed that the college had lifted the ban and Dickinson was now free to return to campus. Therefore, this portion of the appeal is moot.

AFFIRMED.